IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARKETING INVESTORS CORPORATION, | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:11-CV-1696-D |
| VS. | § § | |
| NEW MILLENNIUM BANK, | § § | |
| Defendant. | § § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Marketing Investors Corporation ("Marketing Investors") has filed a July 20, 2011 application to extend temporary restraining order, and defendant New Millennium Bank ("New Millennium") has filed a July 18, 2011 emergency motion to dissolve or modify temporary restraining order, set aside expedited discovery order, quash deposition notice, and for protective order. Having considered the application and response, and for the reasons that follow, the court denies Marketing Investors' application to extend temporary restraining order, and it denies without prejudice as moot New Millennium's emergency motion to dissolve or modify temporary restraining order, set aside expedited discovery order, quash deposition notice, and for protective order.[1]

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Prior to removal, a state court entered a temporary restraining order ("TRO") in favor of Marketing Investors. New Millennium removed the case and filed an emergency motion to dissolve or modify temporary restraining order, set aside expedited discovery order, quash deposition notice, and for protective order. In an order filed July 18, 2011, the court, *inter alia*, noted that the TRO expires of its own terms on July 26, 2011, and it directed that if Marketing Investors desired that the court extend the TRO, it file an application that establishes that it is entitled to this relief.

II

"To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright*, 1993 WL 13044458, at *1 (N.D. Tex. June 15, 1993) (Fitzwater, J.); *see also, e.g., Asadoorian v. Travis*, 2011 WL 2224984, at *1 (D. Mass. June 7, 2011) ("The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders."). Therefore, Marketing Investors must establish four elements to obtain a TRO: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm to it if the TRO is not granted, (3) that the threatened harm outweighs any damage that the TRO might cause the opposing parties, and (4) that the TRO will not disserve the public interest. *See, e.g., Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex.) (Fitzwater, J.) (addressing preliminary injunction standard) (citing *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F. Supp. 1349, 1353 (N.D. Tex.) (Fitzwater, J.), *aff'd*, 948 F.2d 1286 (5th Cir.

1991) (per curiam) (unpublished table decision)), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision).

"A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Id.* (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (stating that movant must "clearly carr[y] the burden of persuasion"). Additionally, this court has characterized a TRO as "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.). And building on Fed. R. Civ. P. 65(b)(1)(A)'s requirement that a TRO cannot be issued *ex parte* absent a clear showing of immediate and irreparable injury, and on the second element of the four-part test (substantial threat of irreparable harm), this court has required that TRO applicants show that they face a substantial threat of irreparable harm between the time their TRO application is filed and when the court can address their preliminary injunction application.[2]

---

[2] In arguing that the court can issue a TRO to preserve the *status quo,* Marketing Investors acknowledges that an injunction can be granted for this purpose "if the plaintiff shows a probable injury in the interim." P. Application 12 (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993)). This principle is consistent with the court's requirement that the applicant show a substantial threat of irreparable harm between the time the TRO application is filed and when the court can address the preliminary injunction application.

At a minimum, Marketing Investors has failed to demonstrate that it faces a substantial threat of irreparable harm if the TRO is not granted.³ Marketing Investors' basis for contending that it faces this substantial threat is the fear that New Millennium's allegedly deteriorating financial condition will preclude Marketing Investors from recovering a judgment for money damages. Marketing Investors has not, by a clear showing, carried the burden of persuasion on this element. And it certainly has not shown that it faces a substantial threat of irreparable harm between the time its TRO application was filed and when the court can address its preliminary injunction application.

* * *

Accordingly, the court denies Marketing Investors' application to extend temporary restraining order, and it will allow the state-court TRO to expire. In light of this order and of a separate order being filed contemporaneously that addresses Marketing Investors' preliminary injunction application, the court denies without prejudice as moot New Millennium's emergency motion to dissolve or modify temporary restraining order, set aside

---

³Because Marketing Investors cannot meet one of the four essential elements, the court need not consider the others. The court does not suggest, however, that Marketing Investors *can* satisfy the other requirements. These issues are in fact hotly contested, and the expedited discovery that the court is allowing by order filed today will likely affect how the parties and the court address all four factors in the context of a preliminary injunction application.

expedited discovery order, quash deposition notice, and for protective order.

**SO ORDERED**.

July 26, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE