IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARKETING INVESTORS CORPORATION, § § § | |
| Plaintiff, § § | Civil Action No. 3:11-CV-1696-D |
| VS. § § | |
| NEW MILLENNIUM BANK, § § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Marketing Investors Corporation ("Marketing Investors") moves under Fed. R. Civ. P. 15(a) for leave to file a first amended complaint. The court grants the motion.

I

Marketing Investors filed this case in state court against defendant New Millennium Bank ("New Millennium"), alleging claims for breach of contract and breach of the covenant of good faith[1] and seeking damages, attorney's fees, and injunctive relief. Marketing Investors alleges that the parties entered into a Vendor Services Agreement ("Agreement") under which Marketing Investors agreed to provide marketing services and distribute credit card offers on New Millennium's behalf in exchange for compensation for each application fee and annual fee. On April 9, 2010 New Millennium instructed Marketing Investors to

---

[1]When recounting the facts, the court relies on the well-pleaded facts alleged in Marketing Investors' state-court original petition.

immediately cease soliciting new applications for credit cards, pending review by the Federal Deposit Insurance Corporation ("FDIC") of New Millennium's credit card program. The FDIC ultimately issued a consent order that directed New Millennium to develop a plan for terminating all relationships with third-party providers that exhibited the characteristics of a "Rent-a-BIN" arrangement. On February 7, 2011 New Millennium gave Marketing Investors written notice of termination of the Agreement based on the FDIC consent order.[2] Marketing Investors asserts in this lawsuit that the termination was wrongful because the Agreement did not exhibit characteristics of a "Rent-a-BIN" arrangement.

II

Marketing Investors moves for leave to file a first amended complaint that conforms its state-court petition to the form of federal pleadings, omits a claim for injunctive relief, and clarifies its allegations regarding its breach of contract claim. New Millennium opposes this motion, contending that Marketing Investors is not clarifying its breach of contract claim but is instead adding new allegations of breach and damages[3] that were not identified by its corporate representative during a Rule 30(b)(6) deposition.[4]

---

[2] The Agreement was originally set to terminate on July 1, 2002, but it was extended for five years commencing July 1, 2002, to be automatically renewed each successive five-year period, absent notice.

[3] New Millennium asserts that the proposed amended complaint alleges a new breach (the closure of credit card accounts) and new damages (the deprivation of compensation based on application fees and annual fees for new credit card accounts starting in April 9, 2010).

[4] In support, New Millennium cites the following statement from *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, 2007 WL 4410370 (N.D. Tex. Dec. 14,

Because Marketing Investors filed the instant motion before the deadline established in the scheduling order expired,[5] the jurisprudence of Rule 15(a), rather than Rule 16(b)(4), applies. *See Orthoflex, Inc. v. Thermotek, Inc.*, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) (Fitzwater, C.J.). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "The court should freely give leave when justice so requires." Rule 15(a)(2). Granting leave to amend, however, "is by no

---

2007) (Boyle, J.): "Unless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition." *Id.* at *8 (citing *Rainey v. Am. Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 94 (D.D.C. 1998)). But Judge Boyle reached this conclusion when declining to consider, in opposition to a summary judgment motion, the declaration of the nonmovant's Rule 30(b)(6) witness who had given contradictory evidence in his deposition. Courts are especially wary of such evidence in the summary judgment context. "'If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.'" *Doe ex rel. Doe v. Dall. Indep. Sch. Dist.*, 220 F. 3d 380, 386 (5th Cir. 2000) (quoting *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)). Moreover, Judge Boyle reached this conclusion after first holding that the evidence should be excluded under Rules 26(a)(1)(C) and 37(c)(1). *See id.* at *7. And Rule 30(b)(6) is not uniformly viewed as a basis for excluding evidence that varies from that provided by the corporation's representative. *See, e.g., Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc.*, 716 F.Supp.2d 1176, 1190 (M.D. Fla. 2010) (disagreeing with "decisions [that] overstate the binding effect of Rule 30(b)(6) testimony."). Accordingly, at least in the context of the procedural posture of this case (i.e., a timely motion to amend, a failure to show prejudice, and no potential impact on a pending summary judgment motion), the court declines to rely on Rule 30(b)(6) to preclude Marketing Investors from amending its pleadings.

[5]According to the scheduling order, the deadline for a party to file a motion for leave to amend its pleadings was March 15, 2012. *See* Aug. 22, 2011 Order at 2. Marketing Investors timely filed the instant motion on March 15, 2012.

means automatic.'" *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (collecting cases).

It is unusual for the court to conclude that a timely motion for leave to amend should be denied based on undue delay or lack of diligence, and this is not such a case. When, as here, a party files a motion for leave to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.). Nor has New Millennium made a sufficient showing of prejudice. New Millennium asserts that if the court grants leave to amend, it will be prejudiced because it has already deposed Marketing Investors' Rule 30(b)(6) witness regarding the scope of Marketing Investors' breach of contract claim and damages, and it relied on the testimony in planning its defenses and discovery. Even assuming *arguendo* that Marketing Investors is in fact adding new allegations of breach and damages, New Millennium has not demonstrated that it is unable to obtain adequate discovery on this matter from another source before the discovery period ends on August 1, 2012. And it has not shown that it cannot rebut Marketing Investors' claims through available defenses. Finally, it is not unusual for amended pleadings to impact strategies already adopted and discovery already taken by the opposing party, yet the cases repeatedly view Rule 15(a)(2) as imposing

a "liberal" standard.  *See, e.g., Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15(a) expresses a strong presumption in favor of liberal pleading."); *Nance v. Gulf Oil Corp.*, 817 F.2d 1176, 1180 (5th Cir. 1987) ("Federal Rule 15(a) counsels a liberal amendment policy."); *Youmans v. Simon*, 791 F.2d 341, 348 (5th Cir. 1986) ("The policy underlying Rule 15(a) is one in favor of liberal amendment.").

\* \* \*

Accordingly, the court grants Marketing Investors' March 15, 2012 motion for leave to file first amended complaint.  It must file the first amended complaint within 14 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

May 3, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE